UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SONJA R. GRIFFIN-ROBINSON,

                Plaintiff,

-v-

HON. BARRY E. WARHIT, et al.,

                Defendants.

20 Civ. 2712 (PAE)

ORDER
OF SERVICE

---

PAUL A. ENGELMAYER, United States District Judge:

Plaintiff Sonja R. Griffin-Robinson, appearing *pro se*, brings this action under 42 U.S.C. § 1983 and state law, asserting claims stemming from her April 18, 2018 arrest in upper Manhattan by police officers from the Harrison Police Department chaperoned by members of the New York City Police Department. By order dated April 23, 2020, the Court granted Griffin-Robinson's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").

## I. Background

On April 22, 2020, Griffin-Robinson filed an amended complaint against the state-court judge presiding over a pending criminal case against her in Westchester County Court (Justice Barry E. Warhit); the prosecutor in that case (Assistant District Attorney ("ADA") Adrian Murphy); six members of the Harrison Police Department; seven members of the New York City Police Department; a social worker employed by Harlem Hospital (Lise Wilson); and Harlem Hospital. *See* Dkt. 6 ("May 6 Order") at 2–3. She alleged that the defendants violated her rights under the U.S. Constitution, other federal and state laws, and the Treaty of Peace and Friendship of 1786 between Morocco and the United States. *Id.* at 3. Her claims arose from the officers' April 2018 search of her residence with a "false warrant" issued by Justice Warhit, and subsequent arrest and prosecution in Westchester County Court. *Id.* at 3–4.

Griffin-Robinson also obtained several letters from her medical care provider at Harlem Hospital excusing her from court appearances in the pending criminal case. *Id.* at 5. In connection therewith, she alleges that ADA Murphy contacted Harlem Hospital and discussed her medical conditions with Wilson in violation of Griffin-Robinson's rights under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). *Id.* at 5–6.

On May 6, 2020, U.S. District Court Judge Louis Stanton, to whom this case was previously assigned, reviewed Griffin-Robinson's complaint and issued an order to amend. *Id.* In that order, Judge Stanton found each of Griffin-Robinson's claims unsupported by the allegations in the complaint, but granted leave for her to file a second amended complaint providing additional allegations bolstering several of those claims. *See, e.g.*, *id.* at 10, 13, 15. However, as to her claims against Justice Warhit, Judge Stanton dismissed them "under the doctrine of judicial immunity and as frivolous." *Id.* at 17. As to ADA Murphy, Judge Stanton dismissed Griffin-Robinson's claims as barred by prosecutorial immunity and as "frivolous." *Id.* at 19–20. And Judge Stanton further dismissed her HIPAA claims because "HIPAA does not provide a private cause of action allowing an individual suit." *Id.* at 19. In conclusion, the Court instructed Griffin-Robinson on the appropriate steps needed to cure the defective aspects of her complaint, suggested potential resources for assistance in doing so, and gave her 60 days to file a second amended complaint. *Id.* at 22–23.

On July 2, 2020, Griffin-Robinson timely filed a second amended complaint. *See* Dkt. 8 ("SAC"). On September 18, 2020, this case was reassigned to me. As of yet, Griffin-Robinson has not served any defendants in connection with this action.

## II.     Legal Standard

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).  While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## III.    Discussion

### A.     Claims and Defendants Previously Dismissed

In the May 6 Order, the Court dismissed Griffin-Robinson's claims against Justice Barry E. Warhit under the doctrine of judicial immunity and as frivolous.  May 6 Order at 17.  Judge Stanton held that the allegations that Justice Warhit unlawfully issued search warrants and violated her rights in the ongoing state-court criminal proceedings were actions taken within the scope of his judicial duties.  *Id.*  Judge Stanton also dismissed Griffin-Robinson's claims against ADA Murphy as barred by prosecutorial immunity, holding that, even crediting all of Griffin-Robinson's allegations as true, Murphy's work with Justice Warhit to document her medical conditions, threats to jail her for not attending court proceedings, and communications with Social Worker Lise Wilson were all within the scope of his official duties and associated with the conduct of a trial.  *Id.* at 19.  Again, Judge Stanton found these claims frivolous.  *Id.* at 19–20.

Griffin-Robinson again names Justice Warhit and Murphy as defendants in the SAC and asserts essentially the same claims. The Court therefore dismisses any claims she may be asserting against Justice Warhit and Murphy for the reasons in the May 6 Order.

Griffin-Robinson also attempts to revive her claims under the HIPAA[1] against Wilson and Murphy. But as Judge Stanton found, she does not have a claim under HIPAA because the statute does not provide a private right of action. *See Meadows v. United Services, Inc.*, 963 F.3d 240, 244 (2d Cir. 2020). Therefore, the SAC's HIPAA claims must be dismissed for the reasons stated in the May 6 Order. Because Griffin-Robinson asserts only HIPAA claims against Wilson, Wilson is also dismissed as a defendant from this action.

## B.     Service on Remaining Defendants

Because Griffin-Robinson has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summonses and complaint be served within 90 days of the date the complaint is filed, Griffin-Robinson is proceeding IFP and could not have served the summonses and complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the complaint is not served within that time, Griffin-

---

[1] HIPAA generally provides for the confidentiality of individually identifiable health information, *see* 42 U.S.C. §§ 1320d-1 to d-7, and it authorizes the Secretary of Health and Human Services to make final regulations and bring enforcement actions. *See* 42 U.S.C. § 300gg-22.

Robinson should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Griffin-Robinson to effect service on defendants Anthony Salou, Kevin Wong, Steven Palias, Alexandra Bucci, Robert Forgione, William Curow, Darwin Marrero, Henry Bautista, Marlin Peralta, Jacquelynn Opirhory, Gabriel Cabral, Gregory Ulyses, and Richard DiDonato through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Griffin-Robinson must notify the Court in writing if her address changes, and the Court may dismiss the action if she fails to do so.

## CONCLUSION

The Clerk of Court is respectfully directed to mail a copy of this order to Griffin-Robinson, together with an information package.

The Court dismisses Griffin-Robinson's claims against Justice Barry Warhit, ADA Adrian Murphy, and Social Worker Lise Wilson for the reasons stated in Judge Stanton's May 6 Order. *See* Dkt. 6.

The Clerk of Court is further respectfully instructed to complete the USM-285 forms with the addresses for Anthony Salou, Kevin Wong, Steven Palias, Alexandra Bucci, Robert Forgione, William Curow, Darwin Marrero, Henry Bautista, Marlin Peralta, Jacquelynn Opirhory, Gabriel Cabral, Gregory Ulyses, and Richard DiDonato, issue summonses, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: September 21, 2020
       New York, New York

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Anthony Salou
   Harrison Police Department
   650 North Street
   Harrison, NY 10528

2. Kevin Wong
   Harrison Police Department
   650 North Street
   Harrison, NY 10528

3. Steven Palias
   Harrison Police Department
   650 North Street
   Harrison, NY 10528

4. Alexandra Bucci
   Harrison Police Department
   650 North Street
   Harrison, NY 10528

5. Robert Forgione
   Harrison Police Department
   650 North Street
   Harrison, NY 10528

6. William Curow
   Harrison Police Department
   650 North Street
   Harrison, NY 10528

7. Darwin Marrero
   NYPD – 26th Precinct
   520 W. 126th Street
   New York, NY 10027

8. Henry Bautista
   NYPD – 26th Precinct
   520 W. 126th Street
   New York, NY 10027

9. Marlin Peralta
   NYPD – 26th Precinct
   520 W. 126th Street
   New York, NY 10027

10. Jacquelynn Opirhory
    NYPD – 26th Precinct
    520 W. 126th Street
    New York, NY 10027

11. Gabriel Cabral
    NYPD – 26th Precinct
    520 W. 126th Street
    New York, NY 10027

12. Gregory Ulyses
    NYPD – 26th Precinct
    520 W. 126th Street
    New York, NY 10027

13. Richard DiDonato
    NYPD – 26th Precinct
    520 W. 126th Street
    New York, NY 10027