UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
    SONJA R. GRIFFIN-ROBINSON,

                            Plaintiff,                    20 Civ. 2712 (PAE) (DCF)

              -v-

                                                        OPINION & ORDER

    ANTHONY SALOV, *et al.*,

                            Defendants.

------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

       This is a suit brought by *pro se* plaintiff Sonja Griffin-Robinson that the Court construes as pursuing claims under 42 U.S.C. § 1983. She claims that her constitutional rights were violated when police officers searched her home, seized her personal property, and arrested her. *See* Dkt. 8 ("Second Amended Complaint" or "SAC"). The suit is brought against numerous defendants.

       Currently pending is a motion to dismiss all claims against defendants Darwin Marrero, Henry Bautista, Marilin Peralta, Jacquelynn Opirhory, Gabriel Cabral, Gregory Ulses, and Richard DiDonato (the "NYPD Defendants"). Dkt. 52. The NYPD Defendants argue that the Griffin-Robinson's Second Amended Complaint fails to allege the personal involvement of any NYPD Defendant in her alleged constitutional violations, as required to state a claim under 42 U.S.C. § 1983; that her claims fail even if she had alleged personal involvement; and that her claims should be dismissed with prejudice and without leave to amend. *See* Dkt. 52 ("Def. Mem.") at 1–2.

       Before the Court is the February 28, 2022 Report and Recommendation of the Hon. Debra Freeman, United States Magistrate Judge, recommending that the Court grant the motion

to dismiss in its entirety, that Griffin-Robinson's claims against the NYPD Defendants be dismissed with prejudice, and that her state law claims against them be dismissed without prejudice, but without leave to amend. Dkt. 79 ("Report"). The Court incorporates by reference the summary of the facts provided in the Report. For the following reasons, the Court adopts this recommendation in full.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Freeman's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety. Because the Report explicitly states that "failure to object within fourteen (14) days will result in a waiver of objections and will preclude appellate review," Report at 29, the parties' failure to object operates as a waiver of appellate review.[1] *See Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

---

[1] Because service on Griffin-Robinson was made by mail, the Court extended such period for three days. *See* Fed. R. Civ. P. 6(d).

## CONCLUSION

For the foregoing reasons, the Court grants the NYPD Defendants' motion to dismiss and dismisses Griffin-Robinson's federal law claims against them with prejudice. The Court also dismisses her state-law claims against them without prejudice, but without leave to amend. This case remains within the able pretrial supervision of Judge Freeman.

The Clerk of the Court is respectfully directed to close the motion pending at Dkt. 52, terminate defendants Marrero, Bautista, Peralta, Opirhory, Cabral, Ulses, and DiDonato, and mail a copy of this decision to plaintiff at the address on file.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: March 18, 2022
       New York, New York